UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHRINE FOSTER | CIVIL ACTION |
| VERSUS | 22-1519 |
| EVONIK CORPORATION, ET AL. | SECTION: "J"(3) |

### ORDER & REASONS

Before the Court is the unopposed *Motion for Reconsideration* **(Rec. Doc. 14)** filed by Plaintiffs Ervin Foster, Rachelle Adams, Eyashica Foster, and LaCorey Foster ("Plaintiffs"). Plaintiffs seek reconsideration of the Court's August 9, 2022 Order & Reasons (Rec. Doc. 13) granting Shell Oil Company's motion to dismiss based on prescription. For the following reasons, the Court finds that the motion should be **GRANTED**.

Plaintiffs are the surviving spouse and children of Kathrine Foster, the original Plaintiff who filed the first petition in this case before her death in March 2022. In this motion, Plaintiffs contend that their wrongful death claims had not prescribed when they filed their First Amended Complaint (Rec. Doc. 2) on June 10, 2022. Plaintiffs seek reconsideration under Fed. R. Civ. P. 54(b) of the Order and Reasons because they argue that the Court erred in analyzing the Plaintiffs' wrongful death claims together with their survival claims under the *contra non valentem* framework. Instead, they assert that the Court should have analyzed the wrongful death claim separately under Louisiana Civil Code article 2315.2, which provides a one-year

prescriptive period for wrongful death actions starting from the death of the deceased. La. Civ. Code. art. 2315.2(B).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *S. Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (citing *Castrillo v. American Home Mortg. Serv., Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. April 5, 2010) (citations omitted)). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, No. 09-32957-H4-11, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, No. 08-664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478—79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e) or 54(b), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

In this case, Plaintiffs failed to raise the argument that their wrongful death claims had not prescribed in their (1) First Amended Complaint; (Rec. Doc. 2); (2) Opposition to Shell Oil Company's Rule 12 Motion to Dismiss; (Rec. Doc. 7); and (3) Opposition to Evonik Corporation's Rule 12 Motion to Dismiss; (Rec. Doc. 12). Instead, in each of their filings, Plaintiffs argued that the doctrine of *contra non valentem* applied to toll the prescriptive period of all of their claims until April 29, 2020, when Ms. Foster received an advertisement in the mail regarding the causal link between EtO emissions and cancer. *See* Rec. Doc. 7, at 4 ("Plaintiffs rely on . . . *contra non valentem* which suspended the prescription until April 28, 2020"); Rec.

3

Doc. 12, at 5 ("*contra non valentem* applies to Plaintiffs' wrongful death and survival claims"). Further, counsel for Plaintiffs relied on an incorrect date of death for Ms. Foster in discussions of prescription in their opposition to Shell's motion to dismiss. Rec. Doc. 7, at 4 ("Ms. Foster died from cancer more than one year before the suit was filed");

As Plaintiffs note in the instant motion, survival and wrongful death actions are "separate and distinct." *Taylor v. Giddens*, 618 So. 2d 834, 840 (La. 1993). Survival actions come into existence "simultaneously with the existence of the tort," but wrongful death actions arise when the victim dies. *Id*. Because Ms. Foster died in March 2022, the one-year prescriptive period for the Plaintiffs' wrongful death actions had not, in fact, accrued when they filed their First Amended Complaint in June 2022. Because the claim had not prescribed, the Court's previous *contra non valentem* analysis does not apply, and Plaintiffs' wrongful death cause of action against Shell is timely.

Although reconsideration is not the proper vehicle to raise an argument that could have been offered before judgment, Plaintiffs have clearly established that reconsideration is necessary to correct a manifest error of law and prevent manifest injustice, specifically the dismissal of beneficiaries' timely claims for their own injuries. Additionally, Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date. Plaintiffs set the motion

4

for submission on September 7, 2022. Defendant, Shell Oil Company, however, has failed to file a timely opposition, and the motion has merit, as discussed above.

**IT IS HEREBY ORDERED** that the *Motion for Reconsideration* **(Rec. Doc. 14)** is **GRANTED**, and Plaintiffs' wrongful death claim against Shell Oil Company is reinstated.

New Orleans, Louisiana, this 1st day of September, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE